Robert K. Baldwin
Trent M. Gardner
**GOETZ, GALLIK & BALDWIN, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580
Ph:   406-587-0618
Fax:  406-587-5144
email: rbaldwin@goetzlawfirm.com

Andrew J. Willett
**DRYSDALE, McLEAN & WILLETT, PLLP**
2066 Stadium Drive, Suite 101
Bozeman, Montana 59715
Ph:   406-582-0027
Fax:  406-582-0028

ATTORNEYS FOR PLAINTIFF

**MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY**

| | |
|---|---|
| ERIC D. LADD,<br><br>         Plaintiff,<br><br>vs.<br><br>TIMOTHY BLIXSETH,<br><br>         Defendants. | Cause No. DV-09-89A<br>Hon. Holly Brown<br><br>**COMPLAINT** and<br><br>**JURY DEMAND**<br><br>(1) Summons Issued |

Eric D. Ladd, by and through his undersigned counsel, for his Complaint against Defendant Timothy Blixseth, alleges as follows:

### PARTIES AND GENERAL ALLEGATIONS

1. Plaintiff Eric D. Ladd is an individual and a resident of Gallatin County, Montana.

2. Big Springs Realty, LLC ("BSR") is a Montana limited liability company and it maintains an office in the Big Sky, Montana area.

3. Defendant Timothy Blixseth is an individual who resides outside of Montana, and is the prior sole member of BSR.

4. Jurisdiction is proper in this Court pursuant to § 3-5-302, MCA. Venue is proper in this Court pursuant to § 25-2-122, MCA.

5.  Defendant, through various entities, including Yellowstone Mountain Club, LLC, Yellowstone Development, LLC and Blixseth Group, Inc., was engaged in the business of developing a private residential and recreational facility in Madison County, known as the "Yellowstone Club."

6.  Yellowstone Development and Yellowstone Mountain Club own real property comprising the Yellowstone Club. BSR is the broker responsible for marketing and selling the real property within the Yellowstone Club.

7.  Mr. Ladd began working for BSR in 1998 as a sales associate. Mr. Ladd was paid a commission on sales of real property in which he participated.

8.  Mr. Ladd ended his employment with BSR in December of 2007. As of the date that his employment ended, BSR owed and Mr. Ladd had earned commissions on certain sales of real property within the Yellowstone Club which had already closed. Additionally, BSR owed and Mr. Ladd had earned commissions on certain sales which were pending, but had not yet closed.

9.  Prior to ending his employment, Mr. Ladd reached agreement with Blixseth and BSR that he would be paid his outstanding commissions on sales that had already closed. In addition, Blixseth and BSR agreed to pay Mr. Ladd his commissions on pending sales which had not yet closed. Payment on those sales was to occur after the closing took place. Finally, Blixseth and BSR agreed to pay Mr. Ladd a commission on sales to purchasers which were previous contacts of Mr. Ladd. The above agreements were memorialized in various writings.

10. Defendant and BSR made certain payments pursuant to the above agreement and repeatedly promised to pay all amounts as they came due.

11. Defendant and BSR have now refused to pay certain of the monies owed to Mr. Ladd.

12. According to the accountant for BSR, Mr. Blixseth stole the money which was in the accounts of BSR and was to be used to pay Mr. Ladd his owed commissions.

### COUNT ONE
### CONVERSION

13. Plaintiff hereby incorporates all of the foregoing allegations as if set forth in full.

14. Defendant Timothy Blixseth was the sole member of BSR.

15. As a broker, BSR was responsible for collecting commissions owed to Ladd and paying those commissions to Ladd. BSR was holding the commissions belonging to Mr. Ladd for payment to him.

16. Rather than pay Mr. Ladd the commissions owed to him, Timothy Blixseth, as the sole member of BSR, stole and absconded with commissions earned by, and owed to, Ladd. Such actions constitute conversion.

17. Mr. Ladd has been damaged by Timothy Blixseth's conversion in an amount of at least $1,221,379.00 and he is entitled to recover such damages at trial.

## COUNT TWO
## PIERCING THE CORPORATE VEIL/ALTER EGO

18. Plaintiff hereby incorporates all of the foregoing allegations as if set forth in full.

19. Timothy Blixseth was the alter ego of BSR. Among other things, Timothy Blixseth has comingled funds and improperly diverted funds from BSR, including stealing the commissions owed to Mr. Ladd. Timothy Blixseth controlled BSR and it was a mere instrumentality of Timothy Blixseth. Further, BSR was a shell which was unable to pay its obligations because it was undercapitalized, in part because Blixseth was stealing money from BSR.

20. Timothy Blixseth has used BSR as a subterfuge to defeat public convenience, justify wrong and/or perpetrate fraud.

21. This Court should hold that Timothy Blixseth was the alter ego of BSR and pierce the corporate veil between Timothy Blixseth and BSR, holding Blixseth liable for all debts and obligations of BSR.

22. Plaintiff filed a separate action in Madison County seeking payment of the commissions owed to him by BSR. *Ladd v. Yellowstone Mountain Club, et. al*, Montana Fifth Judicial District, Madison County, Cause No. 29-08-76. A final Default Judgment was entered against BSR and in favor of Mr. Ladd in the amount of $2,564,895.90.

23. Plaintiff is entitled to judgment against Timothy Blixseth for the amount of BSR's default judgment.

## COUNT THREE
## INDUCING BREACH OF FIDUCIARY DUTY

24. Plaintiff hereby incorporates all of the foregoing allegations as if set forth in full.

25. BSR has already admitted that it breached a fiduciary duty to Eric Ladd to pay him his earned and owed commissions.

26. Timothy Blixseth knowingly induced BSR's breach of the fiduciary duty to pay Mr. Ladd his earned and owed commissions.

27. Eric Ladd has been damaged by Timothy Blixseth's knowing inducement of BSR's breach of the fiduciary duty to pay Ladd his earned and owed commissions, in an amount of at least $1,221,379.00 and he is entitled to recover such damages at trial.

## COUNT FOUR
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

28. Plaintiff hereby incorporates all of the foregoing allegations as if set forth in full.

29. BSR has already admitted that it breached a fiduciary duty to Eric Ladd to pay him his earned and owed commissions.

30. Timothy Blixseth aided and abetted BSR's breach of the fiduciary duty to pay Mr. Ladd his earned and owed commissions.

31. Eric Ladd has been damaged by Timothy Blixseth's aiding and abetting of BSR's breach of the fiduciary duty to pay Ladd his earned and owed commissions, in an amount of at least $1,221,379.00 and he is entitled to recover such damages at trial.

## COUNT FIVE
## PUNITIVE DAMAGES

32. Plaintiff hereby incorporates all of the foregoing allegations as if set forth in full.

33. As alleged herein, Timothy Blixseth is guilty of actual malice because he had knowledge of facts and/or intentionally disregarded facts that created a high probability of injury to Plaintiff and: (a) deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Plaintiff; and/or (b) deliberately proceeded to act with indifference to the high probability of injury to Plaintiff.

34. Timothy Blixseth is also guilty of actual fraud because he made representations with knowledge of its falsity and/or concealed a material fact with the purpose of depriving Plaintiff of

1  property or legal rights or otherwise causing injury.

2      35.    Plaintiff is entitled to an award of punitive damages against Timothy Blixseth in an
3  amount to be proven at trial.

4      WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

5      1.    An award of all damages suffered by Plaintiff due to Defendant's actions;

6      2.    An order piercing the corporate veil of BSR and holding that Defendant is jointly and
7  severally liable for all debts of BSR, including the default judgment of
8  $2,564,895.90 owed to Mr. Ladd;

9      3.    An award of pre-judgment and post-judgment interest on all commissions converted
10  by Defendant;

11      4.    An award of punitive damages;

12      5.    An award of Plaintiff's costs and attorney fees incurred herein; and

13      6.    An award of all further relief as the Court deems just and proper.

## JURY DEMAND

16  Plaintiff demands a trial by jury of all issues so triable.

18  DATED this 30th day of January, 2009.

19      GOETZ, GALLIK & BALDWIN, P.C.

20      By: _____
21      Robert K. Baldwin/Trent M. Gardner

22      ATTORNEY FOR PLAINTIFF

28  U:\RKB\Ladd, Eric\TIM-GALLATIN\Tim\Complaint.wpd